## SUPREME COURT—IN BANCO.

### JANUARY TERM—1871.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### FORBES *vs.* GIBSON.

A VERDICT will not be set aside as against evidence, "unless clearly, palpably, decidedly and strongly against evidence."

#### OPINION OF THE COURT BY ALLEN, C. J.

This is an action of assumpsit. It is alleged in the complaint that a contract was made by these parties at San Francisco, by which it was agreed that the plaintiff should come to this Kingdom and take charge of a sail-boat or yacht of about 12 tons burthen, which the defendant agreed to furnish. It is further alleged that the defendant guaranteed the sum of $100 per month, as the minimum for the plaintiff's share of the earnings of the boat. In pursuance of said agreement, the plaintiff came to this Kingdom and repaired to Lanai, and was ready to comply with the terms of the agreement, but that the defendant had wholly failed to fulfill its terms on his part.

It appears in evidence that the plaintiff repaired to Lanai and remained there one month; that the defendant tendered him a whale-boat, which was 35 feet long and 7 feet wide, with a small deck over, for the purpose agreed upon, but that the plaintiff refused to undertake the sailing the boat, and said "that the place did not suit him and that he was going to leave; that he did not come here to work like a slave, and that he would not work in lifting freight in and out of the boat."

Evidence was introduced, also, tending to show the prob-

Forbes v. Gibson.

able profits to be derived from the sailing of the boat, all of which was submitted to the jury under instructions of the Court, whereupon a verdict was rendered for the defendant, which, on motion, was set aside as against law and evidence, and a new trial ordered, to which exceptions were taken by the defendant.

It appeared in evidence that the defendant had guaranteed $100 a month from the profits to run a boat between two islands, Maui and Lanai, for three months, and that this should afterwards be increased.

It further appeared in evidence by a son of the defendant, in the words following, viz. : "The plaintiff left our place on the morning of the 24th of March last, about one week after his arrival ; was present at the time of his departure, and heard conversation with my father. Plaintiff called to my father, who stepped out in front of the house. Plaintiff spoke first, and said the place did not suit him, and he was going to leave ; said he did not come here to work like a slave. My father said to plaintiff, 'There is the boat for you to try. It can make plenty of money for you and me both, if you will run it ; size of the boat 35 feet long and 7 feet wide, and has a small deck over. It now runs two trips a week to Lahaina, with a kanaka in charge, and produces $50 to $60 per week ; with one intelligent white man in charge, the sales of sheep at Maalaea and other ports would be doubled, and a large and profitable return freight in poi, salt, ai, tobacco and awa be had, so as easily to make the gross receipts $100 a week, one half of which would be profits.' The boat has carried 30 sheep a trip and six or eight passengers,—could carry more. The sheep are my father's, and worth $1 a head at Lanai, which sell at Lahaina for $1.50 each, and at Wailuku, for $1.75 and $2 per head. Plaintiff refused to take charge of the boat ; said he would not work in lifting freight in and out of the boat. My father continued his remarks, saying to plaintiff: 'There is my boat,

which is a good sea-boat, and can make a handsome profit for us to share.' As plaintiff turned to go away, my father repeated the offer of the boat for the plaintiff to run. When the Lahaina Mills are running, the boat makes three trips a week, carrying on an average 25 to 30 sheep each trip. At the time the plaintiff was at Lanai, the Lahaina Mills were running, and the boat could have done a good business."

On the cross-examination, the witness said that the greatest capacity of the boat was 33 sheep; that 20 cents a head was the usual freight, two trips a week, out of which all expenses of crew and so forth had to be paid; that he never heard his father order plaintiff to take charge of the boat or do anything else previous to the morning of plaintiff's intimation of his intention to leave; that a native man who previously commanded the boat only got $1.50 a trip; that a foreigner named Fred subsequently took charge of the boat; —he was unable to say whether he got over $50 per month, or whether the profits of the boat could afford that rate of compensation, as the least of a share of the net profits.

As it appears that the defendant had guaranteed $100 per month from the business, it would seem that the risk was open to him, and that it was incumbent upon the plaintiff to enter upon the business, and test it by actual experiment, and if the profits were less than the sum agreed upon, he had his claim against the defendant.

Proof would have been required that the defendant was irresponsible, and that the boat was inadequate for the purpose, which would excuse the plaintiff from undertaking to fulfill his part of the contract, before he could call on the defendant.

It is a prevailing rule, as stated by Hilliard in New Trials, 340, and sustained by numerous authorities, that a verdict will not be set aside unless clearly, palpably, decidedly and strongly against the evidence.

From the evidence it appears that the plaintiff made no

effort to fulfill his contract.   He might at least have tested it by experiment, as that required very little time, and more especially as the boat being under his control, the whole earnings were in his hands.   Having the earnings of the boat and the guarantee of the defendant, the Court is unable to see why the plaintiff should not have made an effort to fulfill the stipulations which he had made ; at any rate, it is not a case in which the Court can interfere.   The principle is a sound one, that it will not set aside a verdict because, upon examination of all the evidence, even, they might have arrived at a result different from that found by the jury.  Gauld *vs.* White, 6 Foster, 178.   It is not sufficient, even, that the evidence might incline the Court to a different result.   Hilliard on New Trials, 341.

'In view of the evidence and the principles especially applicable, the Court are of opinion that the exceptions should be sustained, and this they adjudge.

HARTWELL, J. :   The action was brought for damages for breach of contract, and the jury found for the defendant.

I granted the motion for a new trial on the ground that it was a condition precedent in this contract, that the defendant should provide a vessel reasonably likely to bring to the plaintiff one hundred dollars a month as his share of her net profits, and that the plaintiff had a right to such a boat as his assurance of payment, as well as to look to the defendant's personal liability.   The defendant's own evidence that he could not say that the profits would allow $50 a month to be paid to a person in charge of this whaleboat, seemed to be conclusive against him, and the most favorable view of his evidence would only bring up the gross receipts to a sum far short of $100 a month, unless the profits on the defendant's own sheep are reckoned as the profits of the boat.   However, I concur in the judgment of the Court.

H. Thompson for plaintiff.

R. H. Stanley for defendant.